IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

BENJAMIN EARL STOREY                                                           PLAINTIFF

v.                                    Civil No. 2:20-CV-02224

JAIL ADMINISTRATOR JIMMY DORNY,                                             DEFENDANTS
*et. al.*

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the Honorable P. K. Holmes, III, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Defendants' Motion to Dismiss. (ECF No. 28).

### I.   BACKGROUND

Plaintiff filed his Complaint on December 7, 2020. (ECF No. 1). He filed his Amended Complaint on January 19, 2021. (ECF No. 11). On August 4, 2021, Defendants filed a Motion to Compel, stating that Plaintiff had failed to respond to their discovery requests. (ECF No. 25). On August 5, 2021, the Court entered an Order granting the Motion to Compel, and directing Plaintiff to provide the requested discovery, including a signed medical authorization form, no later than August 30, 2021. (ECF No. 27). In the Order, Plaintiff was advised that his failure to provide the requested discovery by the deadline would result in the dismissal of his case. (*Id.*). This Order was not returned as undeliverable.

On September 24, 2021, Defendants filed their Motion to Dismiss pursuant to Federal Rule of Civil Procedure 41(b). (ECF No. 28). As grounds for the Motion, they state that Plaintiff has

1

failed to obey the Court's Order and provide his responses to Defendants' discovery requests. (*Id.* at 1).

To date, Plaintiff has not filed a Response to the motion, and his last communication with the Court was filed on July 23, 2021. (ECF No. 24).

## II. LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

## III. ANALYSIS

Plaintiff has failed to comply with a Court Order. Plaintiff has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2),

Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

## IV. CONCLUSION

Accordingly, it is recommended that Defendants' Motion to Dismiss (ECF No. 28) be GRANTED and Plaintiff's claims be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 9th day of November 2021.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE